**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Alan G. Nix, Estate of Norma J. Nix, | ) | Civil Action No. 2:21-cv-03756-RMG |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| McCabe, Trotter, & Beverly, P.C.; Chuckle | ) | |
| Hoover, LLC; Cedar Management Group, | ) | |
| LLC; Park West Master Association, Inc., | ) | |
| Land Tech Charleston, LLC; Churchill Park, | ) | |
| Churchill Park Homeowners' Association, | ) | |
| Inc., Realmanage, LLC; Richard Riccoboni, | ) | |
| Luzuriaga Mims, LLP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon the Report and Recommendation ("R &R") of the Magistrate Judge recommending the Court dismiss Plaintiffs' case without prejudice for lack of prosecution. (Dkt. No. 10). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

## I.    Background

On January 26, 2022, the Magistrate Judge entered an Order instructing Plaintiffs to bring the case into proper form order by February 16, 2022. (Dkt. No. 6). The order notified Plaintiffs of deficiencies in the complaint and granted Plaintiffs leave to cure the purported deficiencies by filing an amended complaint. (*Id.*) The order instructed Plaintiffs to provide additional necessary information. For instance, it appears Plaintiff Alan Nix is attempting to bring this action on behalf of the Estate but has alleged no facts to indicate that he may appear for or represent the Estate. (Dkt. No. 10 at 2-3) (explaining that under federal law ordinarily a person may not appear *pro se* in the cause of another person or entity, *Pridgen v. Andresen,* 113 F.3d 391, 392-93 (2nd Cir. 1997)

1

and courts generally agree that where an estate has beneficiaries other than the personal representative, the estate must be represented by counsel, *Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659 (4th Cir. 2004)).  The order instructed Plaintiffs to apprise the court of whether counsel had been obtained to represent the Estate by February 28, 2022.  (*Id.*).  The order warned Plaintiffs that failure to comply with the court's order may result in a dismissal of the case.  (*Id.*).

On March 31, 2022, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiffs' case without prejudice for failure to prosecute.  (Dkt. No. 10).  To date, Plaintiffs have not complied with or responded to the Magistrate Judge's order.  Plaintiffs did not file objections to the R & R.  The matter is ripe for the Court's review.

## II.  **Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects.  Fed. R. Civ. P. 72(b)(2).  Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation."  *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015).  *See also Camby v. Davis*, 718 F.2d 198, 200 (4th

Cir.1983). Plaintiffs have not filed objections in this case and the R & R is reviewed for clear error.

## III.    Discussion

Upon a review of the R & R, the Court finds the Magistrate Judge correctly determined that Plaintiff's case is subject to dismissal for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom*, *Ballard v. Volunteers of America*, 493 U.S. 1084 (1990); Rule 41(b), FED. R. CIV. P. The Magistrate Judge's January 26, 2022 order was mailed to Plaintiffs and explained that Plaintiffs needed to bring the case into proper form order and provide additional information to the court by February 16 and February 28, 2022 respectively. (Dkt. No. 6). The order warned Plaintiffs that failure to do so would result in dismissal of the claims. (*Id.*). To date, Plaintiffs have not responded to or complied with the Magistrate Judge's order. Therefore, the Court dismisses this action without prejudice.

## IV.    Conclusion

For the reasons stated above, the Court adopts the R & R (Dkt. No. 10) as the Order of the Court and Plaintiffs' case is **DISMISSED WITHOUT PREJUDICE** for lack of prosecution. **AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

April 21, 2022
Charleston, South Carolina

3